UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

F.R. as parent and next friend of B.C., a minor.,

    Plaintiff,

v.

DR. WALTER B. GONSOULIN, JR., in his official capacity and as representative of Jefferson County Board of Education, et al.,

    Defendants.

Case No.: 2:19-cv-1427-LCB

## MEMORANDUM OPINION

On August 29, 2019, the Plaintiff filed a complaint alleging that her son B.C., a 17-year-old high school student, had been denied enrollment at McAdory High School in Jefferson County, Alabama, in violation of the McKinney-Vento Homeless Assistance Act ("the Act"), 42 U.S.C. § 11431-11435. Later that day, this Court conducted a telephone conference in which defense counsel stated that the Jefferson County Board of Education ("the Board") had agreed to enroll B.C. at McAdory High School pending the outcome of this case. The Court thereafter entered an expedited scheduling order providing for an abbreviated discovery period.[1]

---

[1] On December 27, 2019, the Court entered an amended scheduling order extending the discovery period. (Doc. 43).

On October 17, 2019, the Board filed a stipulation and motion to dismiss.[2] (Doc. 16). While declining to admit that it had violated the Act or any other provision of law, the Board, "in the interest of minimizing disruption to minor Plaintiff B.C.'s educational program, terminating counterproductive litigation, and conserving educational and judicial resources," stipulated to the following course of action:

1. Minor Plaintiff B.C. (whose enrollment is the subject of the pending civil action) shall be permitted to complete the 2019-20 school year at McAdory High School and to graduate therefrom subject to his continuing compliance with rules, regulations, and requirements that apply to all McAdory High School students.

2. B.C. shall continue to be provided transportation from his current residence to and from McAdory High School in accordance with transportation arrangements already in effect.

3. If deemed appropriate, the Board consents to the Court retaining jurisdiction over this matter through the end of the 2019-20 school year in order to address any unforeseen circumstances or developments that could affect implementation of the foregoing commitment or, in the alternative, to a dismissal of the action without prejudice.

(Doc. 16, p. 1-2). In a footnote that was omitted from the above quotation, the Board stated that it "further agrees to provide reasonable advance notice to Plaintiff should [any unforeseen circumstances or developments] arise." *Id.* at p. 2. Thus, it appears to the Court that the Plaintiff has obtained the relief she sought,

---

[2] The Board amended its stipulation and motion to dismiss on October 18, 2019, to request that all pretrial deadlines be suspended. (Doc. 17).

i.e., her son's admission and continued enrollment at McAdory. Based on that stipulation, the Board asserted that the controversy was moot and moved to dismiss the case.

In her response, the Plaintiff argued that the stipulation did not render the case moot because, she said, the stipulation did not provide all of the requested relief and "was at best an offer to settle." (Doc. 19, p. 2). The Plaintiff further asserted that the Board's decision to allow B.C. to enroll at McAdory and proceed towards graduation was, at this point, "in bad faith" and represented "nothing more than another attempt by the Defendant to 'pull the wool over the Court's eyes' and designed to avoid the issuance of a final judgment for the Plaintiff on the merits, a determination that the Plaintiff is the prevailing party, and paying Plaintiff's attorneys' fees." *Id.* Thus, despite the Board's decision to give the Plaintiff the exact relief she sought in her complaint, Plaintiff's counsel seeks to maintain this litigation, up to and including a bench trial on the merits, in order to establish "prevailing party" status that would entitle him to an award of attorneys' fees under 28 U.S.C. § 1988.

## Discussion

The United States Supreme Court addressed a similar scenario in *DeFunis v. Odegaard*, 416 U.S. 312 (1974). In *DeFunis*, the petitioner was denied admission to the University of Washington Law School and subsequently filed a lawsuit

claiming that the school discriminated against him in violation of the Equal Protection Clause of the United States Constitution. The petitioner prevailed at trial, and the trial court ordered that he be admitted to the law school. By the time the case reached the United States Supreme Court, the petitioner had completed most of his studies and had just registered for his final quarter in law school. *Id.* at 315. The Court noted that "[c]ounsel for the respondents have made clear that the Law School will not in any way seek to abrogate this registration." The Court clarified that "all parties agree that DeFunis is now entitled to complete his legal studies at the University of Washington and to receive his degree from that institution. A determination by this Court of the legal issues tendered by the parties is no longer necessary to compel that result, and could not serve to prevent it." *Id.* at 317.

The Court then stated: "In light of DeFunis' recent registration for the last quarter of his final law school year, and the Law School's assurance that his registration is fully effective, the insistent question again arises whether this case is not moot, and to that question we now turn." In discussing the issue of mootness, the Supreme Court held:

> The starting point for analysis is the familiar proposition that 'federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.' *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). The inability of the federal judiciary 'to review moot cases derives from the requirement of Art. III of

4

> the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.' *Liner v. Jafco, Inc.,* 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 394, 11 L.Ed.2d 347 (1964); *see also Powell v. McCormack*, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969); *Sibron v. New York*, 392 U.S. 40, 50 n. 8, 88 S.Ct. 1889, 1896, 20 L.Ed.2d 917 (1968). Although as a matter of Washington state law it appears that this case would be saved from mootness by 'the great public interest in the continuing issues raised by this appeal,' 82 Wash.2d 11, 23 n. 6, 507 P.2d 1169, 1177 n. 6 (1973), the fact remains that under Art. III '(e)ven in cases arising in the state courts, the question of mootness is a federal one which a federal court must resolve before it assumes jurisdiction.' *North Carolina v. Rice, supra*, 404 U.S., at 246, 92 S.Ct., at 404.

*Id.* at 316. The Supreme Court noted that DeFunis did not file his suit as a class action, and the only remedy he sought was an injunction commanding his admission to the Law School. Because DeFunis was irrevocably admitted to the Law School, the Supreme Court held that "[t]he controversy between the parties has thus clearly ceased to be 'definite and concrete' and no longer 'touch(es) the legal relations of parties having adverse legal interests." *Id*. at 317 (internal citations omitted). Accordingly, the Supreme Court held that the case was moot and dismissed the appeal.

The Supreme Court went further in its analysis and determined that neither of the exceptions to the mootness doctrine existed in the case, i.e., that the defendants voluntarily ceased the allegedly illegal conduct but could resume it at any point in the future, and that the alleged wrong was "capable of repetition, yet

5

evading review." *Id.*

The Supreme Court held that the "voluntary cessation" exception was inapplicable in that case because "mootness in the present case depends not at all upon a 'voluntary cessation' of the admissions practices that were the subject of this litigation. It depends, instead, upon the simple fact that DeFunis is now in the final quarter of the final year of his course of study, and the settled and unchallenged policy of the Law School to permit him to complete the term for which he is now enrolled." In the present case, the Board has similarly committed to allowing B.C. to continue his enrollment at McAdory and graduate with his cohort.

The Plaintiff is wary of the Board's footnote in which it stated that it "further agrees to provide reasonable advance notice to Plaintiff should [any unforeseen circumstances or developments] arise." According to the Plaintiff, this provision would allow the Board to terminate B.C.'s enrollment based on subjective factors in its sole discretion. However, that argument is not well taken. On the contrary, the footnote in question simply strengthens the Board's commitment to keep B.C. enrolled at McAdory by providing that it will give the Plaintiff – and, by extension, Plaintiff's counsel – advance notice should unforeseen circumstances arise thereby giving him an opportunity to preemptively challenge any such conduct and bring it to the Court's attention. The Court notes

that, should such circumstances arise, the Plaintiff could bring this to the Court's attention. Nevertheless, the Court is not convinced that this provision gives the Plaintiff a reasonable expectation that he will be subjected to the same action again.

The Supreme Court also found that the issue in *DeFunis* was not "capable of repetition, yet evading review" because "DeFunis will never again be required to run the gantlet of the Law School's admission process…." *Id*. at 319. The Court concluded that "[b]ecause the petitioner will complete his law school studies at the end of the term for which he has now registered regardless of any decision this Court might reach on the merits of this litigation, we conclude that the Court cannot, consistently with the limitations of Art. III of the Constitution, consider the substantive constitutional issues tendered by the parties." Similarly, B.C. is on track to graduate from McAdory in the spring of 2020. Once he graduates, he will never again be faced with the process of enrolling in a public high school.[3] Thus, it is highly improbable that the Board's action, i.e., denying enrollment to B.C., is capable of repetition. This Court finds the facts of the present case to be nearly identical to those in *DeFunis*.

---

[3] In a footnote, the majority addressed the dissent's concern that unpredictable events such as illness or even academic failure might prevent DeFunis from graduating at the end of the term. However, the Court held that "such speculative contingencies afford no basis for our passing on the substantive issues (the petitioner) would have us decide in the absence of evidence that this is a prospect of immediacy and reality." *DeFunis*, 416 U.S. at 320 n. 5 (internal quotations and citations omitted). The parties have not identified any such contingencies in this case.

Of course, there was no discussion in *DeFunis* of the issue of attorneys' fees. However, the Supreme Court has addressed this situation as well. In *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990), the underlying controversy had been rendered moot by a change in the law while the litigation was in progress. The Supreme Court stated:

> An order vacating the judgment on grounds of mootness would deprive Continental of its claim for attorney's fees under 42 U.S.C. § 1988 (assuming, arguendo, it would have such a claim), because such fees are available only to a party that "prevails" by winning the relief it seeks, *see Rhodes v. Stewart*, 488 U.S. 1, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988); *Hewitt v. Helms*, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987). <u>This interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim</u>, *see Diamond v. Charles*, 476 U.S. 54, 70–71, 106 S.Ct. 1697, 1707–08, 90 L.Ed.2d 48 (1986). Where on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary judicial pronouncements on even constitutional issues obtained, solely in order to obtain reimbursement of sunk costs.

494 U.S. at 480 (emphasis added). Similarly, in *Diamond v. Charles*, 476 U.S. at 70-71, the Supreme Court held:

> It is true that, were the Court to resolve the case on the merits against appellees, appellees would no longer be "prevailing parties" entitled to an award of fees under 42 U.S.C. § 1988. But the mere fact that continued adjudication would provide a remedy for an injury that is only a byproduct of the suit itself does not mean that the injury is cognizable under Art. III.

This Court recognizes that B.C. would likely not be enrolled at McAdory today were it not for the actions of Plaintiff's counsel in filing the present lawsuit.[4] However, the Supreme Court has rejected an entitlement to attorney's fees under the "'catalyst theory,' which posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 601 (2001). The Supreme Court thouroughly discussed the merits of such a theory and explained their reasoning for rejecting it. *Id.* at 608-610. However, the Court held that "'[a] request for attorney's fees should not result in a second major litigation[.]'" *Id*. at 609 *quoting Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

## Conclusion

Even assuming, *arguendo*, that the Board violated the McKinney-Vento Act when it initially denied enrollment to B.C., that violation is not ongoing and has been remedied by the Board's actions and its continuing commitment to allow B.C. to continue his studies at McAdory. The Plaintiff obtained the relief she sought, and there is no longer a controversy between the parties. The trial of this matter would be a waste of judicial resources because, as noted, the outcome will not

---

[4] As noted above, the Board denies that it violated the McKinney-Vento Act or any other provision of law and has maintained that it chose to admit B.C. only to avoid disrupting his education and preventing lengthy and expensive litigation.

change anything with respect to the relationship between B.C. and the Board. Accordingly, this Court finds that the Board's decision to allow B.C. to enroll and complete his final year of school at McAdory renders this case moot. Therefore, the Court no longer has jurisdiction over this matter, and the case must be dismissed. Further, Plaintiff's counsel is not entitled to an award of attorney's fees pursuant to 28 U.S.C. § 1988.

For the foregoing reasons, the Board's motion to dismiss (Doc. 16) is due to be **GRANTED** and this case **DISMISSED**. As noted, the Board agreed to a dismissal of this action without prejudice subject to refiling should the Board fail to uphold its commitment regarding B.C.'s enrollment as described above. Accordingly, this action is due to be dismissed without prejudice.

Based on the foregoing, the Board's amended stipulation and motion to dismiss (Doc. 17), is **MOOT**. Similarly, the Board's motion for a protective order (Doc. 21) is **MOOT**. The Plaintiff also filed a motion for a declaratory judgment (Doc. 25) in which she sought a declaration that the Board violated the Act, along with other injunctive relief and an award of attorney's fees. That motion is due to be **DENIED**.

The Court notes that it is making no determination as to whether an award of attorney's fees would be appropriate in the present case. Similarly, the Court is not making a determination that a private right of action exists given the facts alleged

in the present case, or that the Plaintiff adequately plead facts that would entitle her to relief. Rather, as explained above, this Court has determined only that it lacks jurisdiction over the matter given the Board's decision and continuing commitment to allow B.C. to enroll at the school and complete his studies. A separate order will be entered.

**DONE** and **ORDERED** January 14, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE